IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-03264-BNB

PETER E. GOMEZ,

    Applicant,

v.

ROGER WILSON,
JOHN SUTHERS, The Attorney General of the State of Colorado,
DIRECTOR OF THE DEPARTMENT OF CORRECTIONS, and
TOM CLEMENTS, Executive Director,

    Respondents.

## ORDER OF DISMISSAL

    Applicant, Peter E. Gomez, is in the custody of the Colorado Department of Corrections (DOC) and currently is incarcerated at the Crowley County Correctional Facility in Olney Springs, Colorado. Mr. Gomez initiated this action by filing on December 13, 2011, a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Case No. 2001CR205 in the Delta County District Court of Colorado. He has paid the $5.00 filing fee in a habeas corpus action.

    In an order entered on January 6, 2012, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). Respondents submitted a Pre-Answer Response on January 25, 2012. Mr. Gomez filed a Reply on February 13, 2012.

The Court must construe liberally the Application filed by Mr. Gomez because he is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not act as an advocate for a *pro se* litigant.  See *Hall*, 935 F.2d at 1110.  For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

**I.    Background**

On August 12, 2002, Mr. Gomez pled guilty to possession with intent to distribute a controlled sentence and possession of a controlled substance.  See Pre-Answer Resp. at Ex. A, p. 12 (State Court Register of Actions).  On September 13, 2002, the trial court sentenced Mr. Gomez to twenty-four and six years, to be served consecutively.  *Id.* at 11.  Mr. Gomez did not file a direct appeal.

On January 23, 2009, Mr. Gomez filed a motion for reconsideration of the consecutive sentences.  *Id.*  The trial court denied the motion on January 27, 2009.  *Id.* at 10-11.  Mr. Gomez filed an appeal, and the Colorado Court of Appeals affirmed the trial court's order on July 1, 2010.  See *People v. Gomez*, No. 09CA0533 (Colo. App. July 1, 2010) (unpublished opinion) (Pre-Answer Resp. at Ex. G).  The Colorado Supreme Court denied certiorari review on November 12, 2010.  Pre-Answer Resp. at Ex. A., p. 9.

Mr. Gomez filed a motion to correct an illegal sentence on January 7, 2011.  *Id.*  The trial court denied the motion as untimely on January 27, 2011.  *Id.*  On March 4, 2011, Mr. Gomez filed an appeal that is currently pending before the Colorado Court of

Appeals. *Id.*

Mr. Gomez filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court on December 13, 2011. In the Application, Mr. Gomez asserts one claim, alleging that the trial court erred in imposing consecutive sentences because the same criminal act gave rise to both charges and the charges are supported by identical evidence. Application at 5.

## II.     Timeliness

Respondents argue that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). Section 2244(d) provides as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In order to apply the one-year limitation period, the Court first must determine when the judgment of conviction in Mr. Gomez's criminal case became final. The final sentence in Mr. Gomez's case entered on September 13, 2002. Pre-Answer Resp. at Ex. A, p. 11. Because Mr. Gomez did not file a direct appeal, the Court therefore finds that his conviction became final on October 28, 2002, forty-five days after he was sentenced. *See* Colo. App. R. 4(b); *Locke v. Saffle*, 237 F.3d 1269, 1273 (10th Cir. 2001). As such, the one-year statute of limitations would begin to run on October 29, 2002, the next business day after the conclusion of the time to appeal. *See, e.g., Locke*, 237 F.3d at 1273.

The Court must next determine whether any of Mr. Gomez's state court post-conviction motions tolled the one-year limitation period. Pursuant to 28 U.S.C. § 2244(d)(2), a properly filed state court post-conviction motion tolls the one-year limitation period while the motion is pending. An application for post-conviction review is properly filed with the meaning of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). The requirements include:

> (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a

4

post-conviction motion.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210-11 (10th Cir. 2000).

The issue of whether a post-conviction motion is pending is a matter of federal law. *See Gibson v. Klinger*, 232 F.3d 799, 806 (10th Cir. 2000). The term "pending" includes "all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application." *Barnett v. Lemaster*, 167 F.3d 1321, 1323 (10th Cir. 1999). Furthermore, "regardless of whether a petitioner actually appeals a denial of a post-conviction application, the limitations period is tolled during the period in which the petitioner could have sought an appeal under state law." *Gibson*, 232 F.3d at 804.

Here, there were no motions pending in Mr. Gomez's state court case between October 29, 2002, and January 23, 2009, the date Mr. Gomez filed his first post-conviction motion. Accordingly, the limitation period began to run on October 29, 2002, and ran un-tolled for 365 days until it expired on October 29, 2003. Because the one-year limitation period expired before Mr. Gomez filed his first motion for post-conviction relief on January 23, 2009, that motion, and any subsequent motions, could not have tolled the one-year limitation period. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) (stating that state court postconviction motions toll the one-year limitation period only if they are filed within the one-year limitation period). Because Mr. Gomez did not file his habeas corpus application in this Court until December 13, 2011, more than eight years after the limitations period expired, the Court finds that the action is untimely and must be dismissed.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and

may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if (1) the inmate is actually innocent; (2) an adversary's conduct or other uncontrollable circumstances prevents the inmate from timely filing; or (3) the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. Simple excusable neglect, however, is not sufficient to support equitable tolling. *See id*. Furthermore, equitable tolling is appropriate only if the inmate pursues his claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Gomez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.* at 977.

Mr. Gomez fails to assert any basis for equitable tolling. Therefore, under 28 U.S.C. § 2244(d), he is time-barred from filing a federal habeas corpus action in this Court. Because the action clearly is time-barred, the Court will refrain from addressing whether Mr. Gomez has exhausted his state court remedies.

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Mr. Gomez files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d).  It is

FURTHER ORDERED that no certificate of appealability will issue because Applicant has not made a substantial showing of the denial of a constitutional right.  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  23rd  day of   February  , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court